IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE REYNALDO ORTIZ MELGAR<br>60 Hawaii Avenue NE<br>Apt. 203<br>Washington, DC 20011<br><br>       Plaintiff,<br><br>v.<br><br>LOUYANS, INC.<br>d/b/a CITY LIGHTS OF CHINA<br>1731 Connecticut Avenue, NW<br>Washington, DC 20009<br><br>   Serve:  Resident Agent<br>           Swee C. Koo<br>           2725 Connecticut Ave., NW<br>           #407<br>           Washington, DC 20009<br><br>ANDY CHANG<br>1731 Connecticut Avenue, NW<br>Washington, DC 20009<br><br>       Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Jose Reynaldo Ortiz Melgar ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Louyans, Inc. d/b/a City Lights of China and Andy Chang (collectively "Defendants"), under the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the District of Columbia Minimum Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## INTRODUCTION

Plaintiff worked for Defendants as a laborer. Plaintiff was paid at the same weekly rate regardless of how many hours he worked. He worked approximately seventy-two hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate as required by District of Columbia and federal law. Defendants also failed to compensate Plaintiff at or above the required minimum wage in the District of Columbia for all hours worked. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wages and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of the District of Columbia.

4. Defendant Louyans, Inc. d/b/a City Lights of China ("City Lights of China") is a District of Columbia corporation.

5. Defendant Andy Chang is the owner of City Lights of China.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4262753_1

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Andy Chang controlled the day to day operations of City Lights of China.

11. Defendant Andy Chang had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Andy Chang supervised Plaintiff directly or indirectly.

13. Defendant Andy Chang directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Andy Chang directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that Plaintiff can pursue individual employers regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Andy Chang would be considered Plaintiff's employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

18. Plaintiff was employed by Defendants as a laborer from May 1, 2000 through October 17, 2014 (the "Employment Period").

19. Plaintiff was paid at a weekly rate of $575.00 regardless of how many hours he worked.

20. Plaintiff worked approximately seventy-two hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

21. Plaintiff is owed approximately $3,404.72 in unpaid minimum wages and $13,512.80 in unpaid overtime wages.

22. Plaintiff is owed unpaid minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

24. The precise number of hours worked and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
## (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

28. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

29. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

30. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $27,025.60, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## (Violation of the D.C. Minimum Wage Revision Act)

31. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

4262753_1

32. Defendants were required to pay Plaintiff a minimum wage of $8.25 per hour as required by District of Columbia law, and after July 1, 2014 Defendants were required to pay Plaintiff a minimum wage of $9.50 per hour worked. *See* DC ST §32-1003(a)(2) & (3).

33. Defendants failed to properly compensate Plaintiff at or above the minimum wage as required by District of Columbia law.

34. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

35. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week as required by the DCMWRA.

36. Unpaid minimum and overtime wages are due and owing to Plaintiff by Defendants.

37. Defendants' failure and refusal to comply with his obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $33,835.18 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

38. Plaintiff adopt herein by reference paragraphs 1 through 25 above as if fully set forth herein.

39. The amounts owed to Plaintiff by Defendants for unpaid minimum wages and overtime compensation constitute "wages" under the DCMWPCL. D.C. ST § 32-1301(3).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

4262753_1

40. Defendants were required to pay Plaintiff a minimum wage of $8.25 per hour worked as required by District of Columbia law, and after July 1, 2014 Defendants were required to pay Plaintiff a minimum wage of $9.50 per hour worked. *See* DC ST §32-1003(a)(2) & (3).

41. Defendants failed to properly compensate Plaintiff at or above the minimum wage as required by District of Columbia law.

42. Defendants were required to pay to Plaintiff overtime wages at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

43. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

44. Unpaid minimum and overtime wages are due and owing to Plaintiff by Defendants.

45. Defendants' failure and refusal to comply with his obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $50,752.77, which is approximately three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
        Mary Craine Lombardo (495881)
        25 West Middle Lane
        Rockville, Maryland 20850
        (301) 340-2020
        (301) 354-8126 – fax
        mlombardo@steinsperling.com

        *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020